## JOHNSON vs. MAXEY, USE, &C.

43  521
127  618
127  619
f127  620

[CONTEST BETWEEN CLAIMANT AND PLAINTIFF, OVER MONEY PAID INTO COURT, BY A CORPORATION DEFENDANT, UNDER SECTION 2450 OF THE REVISED CODE.]

1. § 2450 *of Revised Code; is a corporation defendant entitled to benefits of?*—Is a corporation defendant entitled to the benefits of § 2450 of the Revised Code? Can a corporation, being a mere artifical person, without conscience, make the affidavit required by said section? Quere.

2. *Same; award, is it such a contract for payment of money, as is within the meaning of?*—Is an award such a contract for the payment of money, as is within the meaning of said section? Are not contracts within the meaning of said section, contracts made by the parties themselves, or those whom they represent? Quere.

3. *Award; in what sense a contract.*—An award for the payment of money, like a judgment, is in a very limited and restricted sense, a contract, but neither contains a promise to pay.

4. § 2450 *of Revised Code; claimants under, with what certainty claim must be propounded.*—A claimant who is brought into court, under said section of the Code, must propound his claim to the court in writing, with such certainty and fullness that the plaintiff may know in what said claim consists, and be enabled to plead to, or answer the same, as he may be advised.

5. *Same; claimant under, what can not do.*—Such claimant can not demur, or plead to the plaintiff complaint. He can only litigate the question, whether he or the plaintiff hath the better right to claim the money deposited in court. The sufficiency of plaintiff's declaration, and his right to recover, are admitted by the defendant, when he makes the affidavit required by said section, and deposits the money in court.

6. *Same; when claimant fails to propound his claim, what plaintiff entitled to.*—When the person named as claimant, in defendant's affidavit, comes into court, and is made a party defendant, if he fails to propound his claim, the plaintiff will be entitled to take the money out of court, under an order of court, which order, in such case, it is the duty of the court to make.

7. *Same; claimant under, when no errors or irregularities in the admission or rejection of evidence, will benefit.*—If such claimant pleads to the plaintiff's complainant, and a trial is had under such immaterial plea or issue, no errors in the admission of evidence, or rejecting the same, or in the charges of the court, in such irregular trial, will reverse the case, on the appeal of said claimant.

8. *Same; claimant under, when verdict against plaintiff, will not entitle to*

*the money.*—If on such irregular trial, on an immaterial issue, the verdict should be against the plaintiff, the claimant will not be entitled to the money so deposited, but the plaintiff will be entitled to a judgment *non obstante verdicto.*

9. *Same ; defendant, to entitle to benefits of, of what nature case must be.*— To entitle a defendant to the benefits of said section, the case must be such as to authorize him to file a bill of interpleader, against the plaintiff, and said claimant, in a court of equity.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.

The facts of the case are fully set out in the opinion of the court.

MARTIN & SAYRE, for appellant.—Suit was originally brought by appellee against the Alabama & Florida Rail Road, to recover a certain sum of money, alleged to be awarded by certain arbitrators to said plaintiff.

The rail road brings the money into court, and makes the affidavit required by § 2540 of the Code. The appellant, Johnson, is made a party under said section, and the proceedings are thereafter concluded in his name. Under the form of the pleadings, the rail road had a right to force Johnson and the appellee to litigate their claim to the money.

The suit was to recover the money awarded, alleging the promise of the rail road to abide by and perform the requirements of the award. The right to sue on the award, is based upon the idea that it is a contract between the parties to stand to and abide the award. If there was no such contract, there would be no liability in any award, and, in fact, no award could exist.

The appellant, Johnson, asserts that the money awarded as damages for the professed injury to the lots, by the rail road, belongs to him ; the appellee asserts that it belongs to him. " The controversy turns upon the right of property—that is, upon the question, whether the plaintiff in the suit, or the claimant, is the true owner of the fund, debt or other property, for which judgment is demanded." *Nelson v. Goree,* 34 Ala. 565.

It was upon this idea, that Johnson was substituted as a

party defendant, and became entitled to make the same defenses that the original defendant could have made.— *Fletcher v. Troy Savings Bank*, 14 How. (N. Y.) 383.

The court allowed proof against Johnson's objection, that the line of the lots which Maxey proposed to sell Johnson, only extended to the south bank of the excavation proposed to be made by the railroad.

The evidence was illegal, for two reasons: 1. Because it was immaterial as to the line of lots which Maxey proposed to sell; the line of the lots actually sold, was the question at issue.

2. Because the effect of it was to contradict the deeds of both Maxey and Garrison, which had already been read in evidence, in which the line of the lots had been fixed. By those deeds, all of the lots are sold, except "that portion lying along and north of the new track of the Alabama & Florida Railroad, being the same sold by Mrs. Garrison to the said road."

These deeds show that Johnson acquired title to all that portion of the lots not previously conveyed to the railroad. The object of this parol testimony was to show that the boundaries of the lots purchased by him, was not as described in the deeds.

The effect of the evidence, was to vary by parol evidence, the deeds which had been executed by the parties above named.

Exhibit A, p. 9, was the award of the arbitrators, and against the objection of appellant, was admitted in evidence, without any proof that any submission was ever made, or that the persons named were ever appointed arbitrators, or that such persons ever made any such award.

The general issue was pleaded, and every material averment in the complaint, was thereby put in issue.—2 Phil. Ev. (Text) ch. 6, 79; and the submission must be proved. 2 Greenl. Ev. §§ 71, 81; and the award itself must be proven, and the recitals of the award are not proof of the authority of the arbitrators.—2 Phil. on Ev. (Text) ch. 6, 80.

The report of the arbitrators is dated the 27th Decem-

ber, 1866; Garrison's deed to the railroad is dated 2d of April, 1866; Garrison's deed to Maxey is dated 15th of September, 1866; Maxey's deed to Johnson, is dated 7th of December, 1866.

The title of the whole property had passed from Garrison long before any award was made. What she did not convey to the railroad, she did convey to Maxey; and what she conveyed to Maxey, Maxey conveyed to Johnson; so that, before a spade was put in the ground, Garrison and Maxey had parted with all interest in the land.

Who was to be injured by the construction of the road? Certainly the person to whom the land would belong at the time when the road was constructed, and not Garrison or Maxey, who had parted with their interest.

The damages to be ascertained by the arbitrators, and the damages really ascertained by them, was the consequence of the injury to the lots by the construction of the railroad. And the question now to be determined is, who is entitled to those damages, the owners of those lots, or some one who has no interest in them?

The proof is, that at the time of the sale, Johnson was notified that there was a claim for damages, for a prospective injury to the lots by the railroad. But he was not notified that there was any deduction in the price of the lots on account of such prospective injury, or that such claim was retained by his vendor, or had been retained by Maxey's vendor. On the contrary, both deeds show that nothing was desired by them, but that all their interest was conveyed.

It is true, that Maxey might have submitted the matter when Garrison was the owner of the lands, or when he himself was the owner; but does that authorize either of them to claim the damages to the land, sustained and assessed after they had parted with all title to the land?

The land was uninjured when they sold the land; the deeds are absolute and unconditional; no right to any damages is assumed in them, and yet, the claim is made for damages to the land of another man.

It is clear that neither Maxey nor Garrison is entitled to the money, and it is equally clear that Johnson is.

The award, upon its face, shows that it was for damages to be done to those very lots conveyed to Johnson, and the suit is for the identical money awarded as damages for such prospective injuries to those lots. Although the matter may have been submitted by a former owner, and although the award may have been made on that submission, is it not plain, that when the submission is for the purpose of ascertaining prospective damages, and when the party by whom the submission is made, disposes absolutely of the property to be injured before any damage is sustained, without reserving any right to such damages, that the party by whom the submission is made, is not the party entitled to the damages, when the injury is done?

Suppose the subject-matter of the injury is a house, and that the prospective damage to the house is submitted to be ascertained by arbitrators, who do find that the house will be injured, and assess the damages, but before the injury is really done, the house is entirely destroyed.

Is that any stronger case than the one now under consideration? In the one case, the injury is not done, because the house is destroyed; in this case, it is not done to Maxey or Garrison, because they dispose of the property. When the injury was done, neither Maxey or Garrison had any title, but Johnson had both title and possession.

" The rights of the parties must depend upon their interests, and whenever an award was made nominally to one, where the interest was in another, that other would be entitled to the benefit intended.—*Heard, Assignee, v. Bradford,* 4 Mass. 330; *Conegys v. Vasse,* 1 Pet. 215.

The sale of the land was an assignment of the rights growing out of the submission to arbitration.

If a note is in suit, and the note during the pending of the suit is assigned, the judgment and the proceeds of the judgment, necessarily belong to the assignee.

The demurrer to the complaint should have been sustained, for the reasons assigned by the demurrer.

The charge is unsustained by the pleadings and the proof. It assumes that there was a submission on the part of Garrison and the rail road, when the pleadings allege that the submission was by Maxey and the rail road.

The complaint alleges that the lots belonged to Maxey; the charge assumes that they belonged to Garrison. The charge assumes that the award was in favor of Garrison; the complaint alleges that it was in favor of Maxey.

The evidence clearly shows that Maxey had no right to sue, and the charge asked by Johnson ought to have been given.

Maxey swears that he never had any interest in the matter.

WATTS & TROY, *contra.*—The section of the Code under which Johnson was brought into the circuit court of Montgomery, does not authorize him to claim this money. This statute only authorizes the defendant, in an action "pending on a contract for the payment of money," to make the affidavit and have some person, not a party to the action, who claims the money due on such contract, brought into court.

The cause of action, as set forth in this complaint, was not a contract for the payment of money. It was a contract for the performance of an award.

Under a statute using somewhat similar language, this court held, in the case of *Bedell's Adm'r v. Smith*, 37 Ala. 625, that the statute of limitations to a suit on a bond conditioned to discharge a duty, was not a good plea, because the statute applied to bonds for the payment of money.

This statute, 2540 of the Revised Code of Alabama, is a charge of the common law, and must be strictly construed. No case, unless it come within both the letter and spirit of it, can be lawfully included therein.

This section of the Code was construed in the case of *Nelson v. Goree, Adm'r*, in 34 Ala. 567; but the point here made was not involved, and was not discussed. Several decisions, under a New York statute, somewhat similar, are referred to. The New York statute, however, is much broader in its scope than ours. The New York statute is quoted in the opinion of Judge Stone in *Nelson v. Goree, supra.* Its language is: "When any action is pending upon a contract, or for specific, real, or personal property,

&c." It will be perceived that the word contract, generally, is used in the New York statute, whereas, in ours, " a contract for the payment of money " is the only sort of contract covered by the statute.

Under our statute it is clear that Johnson could not properly have been brought in. A jury has tried this case, and found a verdict against him, holding that the plaintiff is entitled to the $700 deposited, and he now brings the case to this court. He has no right to complain, however wrong the decision of the court may have been. He has not been injured; for he had no legal right in the case at all. Whenever it. appears that a party complaining has no right at all, this court will never reverse, however much error may have been committed in the court below against him. Johnson showed no right whatever to the money deposited in the court below; on the contrary, his whole effort seemed to be to show that neither the plaintiff nor himself was entitled to any recovery against the rail road company. He thus showed that no injury was done to him by any action of the circuit court, however erroneous.— See authorities cited in Shepherd's Digest, p. 568, § 82.

II. But admitting that Johnson was properly brought into the circuit court, what was the extent of his rights, and how far could he contest the right to recover against the rail road company ?

We insist that the action of the rail road company was an admission that somebody was entitled to recover against it, for and on account of the matters alleged in the complaint. The bringing of the $700 into court, and depositing it there under the affidavit it made, was equivalent to a confession of judgment, so far as it was concerned. It was just like a plea of tender, accompanied with profert of the money in court—a confession of plaintiff's right to recover to the extent of the money tendered.

When Johnson came in, he is to be substituted for the defendant, for what purpose ? Simply to show his right to the money admitted to be due to either the plaintiff or Johnson, the person who claimed.

The only matter of contest between the plaintiff and

Johnson was, who had the best right to the money then in court.

Under the New York statute before referred to, similar to ours, as to the action and right of the substituted defendant, (it differs from our statute only in the extent of its operation; it opened the door of interpleader to a larger number of persons, and on a larger number of subjects), it has been decided that the statute was simply a summary mode, in a court of law, for having two parties claiming the same money or property, to interplead, at the instance and on motion of a mere stake-holder or depository.—See *Sherman v. Partridge*, 11 Howard's New York Practice Reports, 156; 4 Duer (N. Y.) 646. In the case of *Fletcher v. Troy Savings Bank*, 14 Howard's New York Practice Reports, 383, the court declared, under the New York statute, that the only thing to be litigated between the substituted defendant and the plaintiff, is "the right of the different claimants to the thing in question;" *i. e.*, the money deposited by the stake-holder or depository.

The only question which could be tried between the plaintiff and Johnson was, who was entitled to the money— the $700 deposited by the rail road company in court.

All other questions except such as relate to the rights of plaintiffs and Johnson to this money, were outside the issue, and could not be regarded by the court.

III. Johnson had no right to demur to the complaint filed by the plaintiff. This simply showed that the rail road company was bound to pay money on the award of the arbitrators. Johnson had nothing to do with this. He could only show what right he had to the money brought by the company into court, to be paid to whatever one, plaintiff or Johnson, showed a right to it.

His demurrer, then, was properly overruled.

IV. Johnson objected to plaintiff introducing the award of the arbitrators. This showed the right of the plaintiff to the money in court, and was proper proof. It was not necessary to prove a submission, or that the arbitrators were sworn, nor indeed anything of the sort; nor that the arbitrators were selected; nor that their names were signed to it. All these things were admitted by the rail road com-

pany, by bringing the money awarded into court, and consenting to pay to the party the court adjudged entitled to it. Johnson had no right to make such objection to it, and his objection was properly overruled.

V. Johnson made no affidavit, or in any other way propounded a claim to this money ; nor did he offer any proof of his right to it. Even if the court erred in admitting some of the proof, Johnson is in no position to make objection to it. So far as he is concerned, he shows no right whatever to the money.

VI. The award introduced in evidence, and the action of the rail road company, showed that Maxey and the rail road company had agreed to submit the differences to the arbitrament of the persons named. They awarded to Maxey $600 as his damages.

How could Johnson be entitled to this money? The testimony shows that when he purchased from Maxey, this arbitration was pending, and was known to Johnson. It was also proved that Mrs. Garrison claimed damages for some injury done to her premises before she sold to Maxey, and this claim was made known to Johnson before he purchased of Maxey. This testimony was proper against Johnson. By his deed, if it contained no exception, as it does, the damages done to the land, before he became the purchaser, would not be covered by his deed. His deed did not cover such damages, even if he had shown that the damage had been done on the lots he purchased from Maxey. But this was not shown. On the contrary, the plaintiff showed the reverse.

VII. Even if the court erred in admitting proof as to the lots, or any other matter set forth in the bill of exceptions, Johnson cannot complain, for he showed he had no right to the damages awarded by the arbitrators.

VIII. It matters not to Johnson, in this proceeding, whether Maxey or Mrs. Garrison was entitled to this $700, as he propounded no claim to it, and introduced no proof tending to show any right to it; if the court erred in the charge given, it was error without injury to Johnson. The rail road company admitted Maxey's right to recover for

34

Mrs. Garrison, unless Johnson's claim was good. On the evidence before the court, Maxey was clearly entitled to this money, for the use of Mrs. Garrison, and Johnson showed no right to object to her recovery.

IX. The proceeding under this statute, may be assimilated to a bill of interpleader in equity. Indeed, we suppose it was intended as a substitute, in fact, for a bill of interpleader. If so, it is clear that neither what the rail road company nor what Johnson did, showed any case justifying such a proceeding, and Johnson must be considered as a mere interloper, and not properly before the court.— See Story's Equity Pleadings, § 292 ; and note 3, §§ 293 and 294.

X. But we suppose a striking analogy to what must be done in this action under § 2540 of the Code, is found in the proceeding which must be had, when a garnishee comes before a court, admitting indebtedness, even stating that some third person claims the amount admitted to be due, and brings the same into court.

Notice, in such case, must be given to the alleged complainant, to come into court and propound his interest. If he fail to appear, after being notified, he is defaulted. If he appear, he is required to set forth his claim with such certainty and particularity as will enable the plaintiff to take issue with him, either in fact or in law. If he does neither, he is defaulted. He is required, when he appears, to set forth his claim under oath.

If he sets forth no claim, or if, after setting forth a claim, he fails to support it by proof, he has no case in court, and the plaintiff has judgment for the money admitted to be due and brought into court by the garnishee.—*Smoot & Ketchum v. Eslava*, 23 Ala. 659 ; *Mobile & Ohio R. R. Co. v. Whitney*, 39 Ala. 468.

PECK, C. J.—On the 28th day of December, 1867, the appellee, John W. Maxey, for the use of Elizabeth A. Garrison, commenced an action in the circuit court of Montgomery county, against the Alabama & Florida Rail Road Company.

The complaint consists of three counts. The two first

Johnson v. Maxey, use, &c.

are on an award for the sum of six hundred dollars, dated the 27th day of December, 1866; the third count, is on an alleged account stated.

The first count states, that before the making of the promise therein mentioned, certain differences had arisen, and were then depending between the said plaintiff and the said defendant, touching and concerning damages committed by the said defendant, to certain lots, the property of the plaintiff, (describing the said lots as being in the city and county of Montgomery,) by the extension of the southern slope of the Alabama & Florida Rail Road, and the change of the line of said rail road from the route theretofore surveyed across said lots, to the then present projected line, across said lots, known as the "new track," &c.; that thereupon, for putting an end to said differences, the said plaintiff and the said defendant, theretofore, to-wit, on the 27th day of December, in the said year 1866, submitted themselves to the award of certain persons therein named, to be made between them, of, and concerning said differences.

That said arbitrators, so named, &c., as aforesaid, took upon themselves the burthen of said arbitrament, and afterwards, to-wit, on the said 27th day of December, 1866, made their award between the said plaintiff and the said defendant, of and concerning the said differences, and did thereby award that the said Alabama & Florida Rail Road Company should pay to the said John Maxey, six hundred dollars, as damages, for the extension of the southern slope, and the change of the route of the said rail road to the line as therein designated, running across said lots, of which said award said defendant had notice, &c., concluding with a promise on the part of said defendant to pay said award, and a breach for failing to do so, &c. The second count is substantially like the first, but not quite so full in its statements.

At the June term of said court, in the year 1869, it appears by a bill of exceptions, taken in the case, by appellant, the defendant, the said Alabama & Florida Rail Road Company demurred to said complaint. The demurrer no where appears in the record, nor the causes assigned for

the said demurrer. The said bill of exceptions states that the said demurrer was sustained by the court, and, thereupon, the plaintiff, by leave of the court, amended his complaint, by striking out all but the first and second counts in the complaint.

The bill of exceptions then states that the defendant, the said rail road company, thereupon filed a sworn plea, suggesting that Matthew H. Johnson, the appellant, claimed the money sued for; that said defendant brought into court, with the said plea, the sum of seven hundred dollars, the amount of said award, in said complaint mentioned, with the interest due thereon from the date of said award, to the time said money was brought into court, &c., as aforesaid.

The said sworn plea, so named in the bill of exceptions, appears by an entry in the record, and is in the words and figures following:

"Came the parties, by their attorneys, and the amount in controversy, seven hundred dollars, is paid into court by said defendant, and deposited under the provisions of § 2540 of the Code of Alabama, on affidavit of defendant, setting forth that sum of money as claimed by one Matthew Johnson, without collusion with the said defendant. It is ordered by the court, that notice be issued to the plaintiff and said Johnson, to come into court instanter, and propound their claim."

On the filing, of what is here called a sworn plea, the court caused an entry to be made; that notices be issued to said Johnson and the said plaintiff, informing said Johnson of the filing of said sworn plea, and notifying him to appear, if he desired to do so, to interpose his claim, and have his right to the said money determined by proper proceedings to be had for that purpose.

These notices were issued and served on said parties, and said Johnson appeared, and an order was made, on his motion, that he be made a party defendant to said suit, and substituted in the place of said original defendant.

To this order, the record shows the said plaintiff objected.

The said Johnson then demurred to the amended com-

plaint, and assigned the following causes of demurrer, to-wit:

1st. That said complaint shows no legal cause of action in favor of Elizabeth A. Garrison.

2d. Because said complaint shows no submission to arbitration, under the seal of said company.

3d. Because said complaint does not show that said arbitrators were sworn before making said award.

4th. Because Elizabeth A. Garrison is the real plaintiff in said cause, and the complaint does not show that she had any interest whatever in said award.

The demurrer was overruled by the court, and thereupon, said Johnson plead the general issue.

This plea does not appear in the record, but the fact is stated in the minute entry of the court. The entry then shows, that a trial was had on said plea, by a jury, who returned a verdict as follows, to-wit: "We, the jury, find the issues in favor of plaintiff." Upon this verdict, the court caused the following judgment to be entered: "It is therefore considered by the court, that the plaintiff have and recover the said sum of seven hundred dollars, paid into court at a previous day of this term, by the original defendant, the same being the amount in controversy in this suit, and that said original defendant, the Alabama & Florida Rail Road Company, pay the costs of this suit, which had accrued, up to the time when said sum of money was so paid into court as aforesaid, for which let execution issue; and that said Matthew H. Johnson pay the costs which accrued subsequently to such payment, for which, let execution issue."

On the trial, on the said plea of the general issue, the plaintiff introduced as evidence, the said award stated in said complaint, which is in the words and figures following, to-wit: "To all to whom these presents may or shall come, greeting: We, Thomas F. Thomasson, John P. Dickerson, John B. Garrett, and Solomon Pierce, to whom was submitted the matters in controversy between John Maxey, of the city of Montgomery, of the county of Montgomery, and State of Alabama, and the Alabama & Florida Rail Road Company, as from the conditions by the

parties respectively submitted to us, to assess the damages to lot number four (4), in square number twenty (20), in Hanrick's plat, fronting on Bell street one hundred feet; and lot number five (5), in square twenty (20), in Hanrick's plat, fronting on Bell street, in the city of Montgomery, in the county and State aforesaid, by the extension of the southern slope of said rail road, and the change of the line of said rail road from the route heretofore surveyed across said lots, to the present projected line across said lots, known as the new track.

"Now, therefore, know ye, that we, the arbitrators mentioned in the said margin, having examined into the matters in controversy, do make this award in writing, that is to say: That the said Alabama and Florida Rail Road Company shall pay to the said John Maxey, six hundred dollars, as damages for the extension of the southern slope, and the change of the route of the said rail road to the line as above designated, running across said lots. In witness whereof, we have hereunto subscribed our names, this 27th day of December, 1866.

(Signed,)                    T. F. THOMASSON,
                             SOLOMON PIERCE,
                             JOHN B. GARRETT,
                             JOHN P. DICKERSON."

To the introduction of said award, said Johnson objected.

1. Because there was no proof that any such submission as that set out in the said award, was ever made.

2. Because there was no proof that the arbitrators named in said award, were ever selected by the parties in said award.

3. Because there was no proof that said award was ever executed or subscribed by the persons whose names were subscribed thereto.

These objections were overruled, the award read to the jury, and the said Johnson excepted.

The said Johnson then offered in evidence, a deed made by said Eliza A. Garrison, to the said Alabama and Florida Rail Road Company, dated the second day of April, in the year 1866, conveying to said rail road company the following described real estate, situated in the city of Montgom-

ery, to-wit: All the portion of lots numbered four and five, in square twenty, Hanrick's Plat, which lies north of the rail road, to be built, connecting the depots of the Alabama and Florida Rail Road, and the Montgomery and West Point Rail Road, and being that portion which lies between the said contemplated rail road and the Alabama river, as also the land occupied by the excavation on which the said rail road is to be situated.

Said Johnson then offered as evidence another deed, made by said Eliza A. Garrison to said John Maxey, dated the fifteenth day of September, 1866, conveying to him the following described real estate, situated in the city of Montgomery, to-wit: Lot numbered four (4), in square numbered twenty (20), fronting on Bell street, one hundred feet, running back to the river bluff; also, lot numbered five (5), in square numbered twenty (20), situated in Hanrick's plat, fronting one hundred feet on Bell street, and running back to the river bluff. That portion of the above described lot, lying along and north of the new track of the Alabama and Florida Rail Road, is excepted from the sale, the same having been previously sold to the rail road company.

And he also offered in evidence, a deed for the same real estate, from the said Maxey to himself, dated the seventh day of December, 1866.

It was also proved, that the lots mentioned in the said deed of Eliza A. Garrison, to said rail road, were the lots described in each of the other deeds above named, and that the said Johnson was in possession of said lots when said award was made, and was still in possession of the same.

It was also proved, that the excavation on which said rail road was to run, was not made or commenced at the time of the execution of said deeds, nor was made or commenced at the time said award purports to have been made.

It was also proved by said Maxey, that he neither had any interest in said matter, either before or after, or at the time of said award, but was attending to the matter for the benefit of said Eliza A. Garrison.

The plaintiff then offered to prove by Maxey and Mrs. Garrison, that the line of the lots which Maxey proposed

to sell to Johnson, only extended to the south bank of the excavation which was to be made by said road, and that said line was marked by stakes and pointed out to said Johnson, before his purchase of said lots, and was different from the lines mentioned in the deed to the Alabama and Florida Rail Road Company. To the admission of this evidence, the said Johnson objected, but the objection was overruled and the testimony admitted, and the said Johnson excepted.

The plaintiff also offered to prove, that Mrs. Garrison was claiming the damages for injuries to said lots, consequent upon some change of the original survey, and that this fact was communicated to Johnson before his purchase of said lots. To the admission of this evidence, said Johnson objected, and the objection was overruled, the evidence admitted, and he excepted.

The plaintiff also offered to prove, that the arbitration mentioned in the complaint was then pending, and that the fact of such pendency was communicated to Johnson, before he purchased said lots. To the admission of this evidence, the said Johnson objected, his objection was overruled and said evidence admitted.

The court then charged the jury as follows : "If you find from the evidence that the Alabama and Florida Rail Road Company and the plaintiff, said Eliza A. Garrison, had an unsettled matter between them with reference to the sum of money to be paid by the rail road company to the said Garrison, for damage done to the plaintiff's land, and you find that this unsettled matter of compensation and damage was agreed to be submitted by the rail road company and the plaintiff Garrison, to arbitration, and the arbitrators to whom the matter was submitted made an award, which award was, that the rail road company should pay over to the plaintiff, Garrison, the sum of $————, as her compensation and damage, which sum of money, so awarded, is now deposited with the clerk of this court ; then, I charge you, that you may find for the plaintiff, and assess her damage at the sum awarded by the arbitrators, with the interest thereon from the time of the arbitration and award."

"If you should find from the evidence, that the plaintiff, Garrison, either before, or since the arbitration and award, transferred or assigned, by deed or otherwise, the sum of money awarded to her, or about to be awarded to her by the arbitrators, to the claimant, Johnson, who makes himself a party to this suit, under the statute, and puts himself in the place of the Alabama and Florida Rail Road Company, as a party defendant, on the record; then, you may find for the claimant, Johnson, that he is entitled to the sum of money so awarded, and now deposited by the rail road company, in this court, with interest thereon from the time of the award."

The claimant, Johnson, by his counsel, asked the court to charge the jury, that if they believed the evidence, they must find for the defendant, which charge was refused, and he excepted.

He appeals to this court, and assigns for error : 1. The overruling of the demurrer; 2. The matters and things, as set out in the bill of exceptions.

1. We have thought proper to make this extended statement from the record, believing the opinion of the court will be thereby the better understood.

Section 2540 of the Revised Code, under which this proceeding is had, declares, that " a defendant against whom an action is pending, upon any contract for the payment of money, may, at any time before issue is joined, make affidavit in writing, that a person not a party to the action, and without collusion with him, claims the money in controversy, and deposit the money in court, praying an order that the person so claiming the money be substituted in his place. The court must, thereupon, direct notice to be given to the claimant of the money, and the plaintiff, and may, in *its discretion*, after such notice has been served, make the order prayed for; and, thereupon, the substituted defendant stands in the place of the original defendant, and the latter is discharged from liability."

2. The first question that seems to present itself for consideration is this : is the defendant in this case such a defendant as can be admitted to the benefits of this law ? We understand said defendant to be a corporation.   Can a

corporation make the affidavit required by this section of the Code, to authorize proceedings under it? A corporation is a mere artificial person, without conscience, and as such, can not make an affidavit.

3. Is the award, upon which this action is brought, a contract for the payment of money, within the meaning of this section? We are strongly inclined to the opinion it is not. It seems to us, the only contracts that will authorize proceedings under this section, are contracts *for the payment of money* made by the parties themselves, or by those whom they may represent. An award, for the payment of money, like, a judgment, is in a very limited and restricted sense, a contract, and like a judgment, it contains no promise of the party to pay. We do not intend to dispose of these questions now, as this case can be decided without it.

When the defendant in this case made the affidavit, that the money in controversy was claimed by a person not a party to the action, and deposited the money in court, what was the legal effect of this affidavit, and the deposit of the money in court, upon the rights of the plaintiff, and the liabilities of the defendant?

We hold it was a conclusive admission, on the part of the defendant, of all the material allegations made in the plaintiff's complaint; that it was an admission, that certain differences had arisen, and were depending between the said plaintiff and defendant, touching and concerning certain damages, alleged to have been committed by the said defendant, to certain lots, the property of the plaintiff, as stated in the plaintiff's complaint; that these differences were submitted by the plaintiff and defendant for settlement, to the arbitrament and award of the arbitrators therein named; that said arbitrators took upon themselves the settlement of these differences, and made the award as stated, and on the day stated. That said award was a legal and valid award, and that said defendant was liable to pay the money so awarded, to said plaintiff, or to the person named in said affidavit, as claiming the same.

We hold, further, that when the said person so stated by said affidavit, as claiming said money, came into court under

the notices issued for that purpose, and was made a party to the action, in the place of said defendant, the said rail road company, the only matter that could be litigated between him and said plaintiff, was whether the money, so brought into court, belonged to him, or to said plaintiff; that the said rail road company had, by making said affidavit and depositing the money in court, admitted that it belonged to either the one or the other, and was claimed by both. The substituted defendant could not deny the liability of the said rail road company to pay said award—could not litigate that question. That was settled by the admissions of said rail road company, so made as aforesaid; neither could he deny the sufficiency of the plaintiff's complaint, and, consequently, could not demur to the same.

The payment of money into court, is an admission of the cause of action as alleged in the declaration, and the plaintiff is entitled to the amount paid in, although he may have gone to trial and suffered a non-suit, or a verdict have been rendered against him, or after verdict in his favor, the judgment may have been arrested.

The payment of money into court, under a rule of court, being a payment of record, the party can never recover it back again, though it afterwards appear that he paid it in wrongfully.—1 Dunlap's Pr. 424.

It was the duty of said substituted defendant, when he came into court as aforesaid, and for the purposes aforesaid, to have propounded his claim to the money so deposited to the court, in writing, by setting it forth with such certainty and fulness, with all necessary averments, so that the plaintiff might know in what it consisted, and be enabled to plead to, or answer it, as he might be advised. In other words, an issue should have been made up under the direction of the court, for the purpose of trying which of said parties the said plaintiff, or said claimant, had the better right to said money; that the court, by its judgment, might determine to whom it belonged, and order it to be paid accordingly. But the claimant in this case did not propound his claim at all, nor did he, as far as the record shows, set forth any claim to the said money. He first demurred to the plaintiff's complaint, which, as we have

stated, he could not do ; the court, therefore, properly over-
ruled the same.

The record shows, he then plead the general issue to the
complaint. This he cou¹ᵈ not do ; he could not litigate
with the plaintiff, or compel the plaintiff to litigate with
him, the liability of the original defendant, the said rail
road company, to pay the said award, and that was all that
could be tried under the plea of the general issue. There
was, however, a trial had, under that plea, and the jury
found the issue in favor of the plaintiff, and judgment was
rendered on that verdict, that the plaintiff have and recover
the said sum of seven hundred dollars, deposited in court,
&c., as aforesaid, being the sum in controversy in said suit,
and a judgment for costs was rendered against the original
defendant, that had accrued up to the time said money was
deposited in court, and against the claimant, said Matthew
H. Johnson, for the costs that had accrued since said
deposit.

We hold that this trial was altogether irregular, and le-
gally proved and settled nothing touching the claim or
right to this money, by said Johnson ; and it did not and
could not show that the said rail road company was, or
was not, liable to pay said award. The liability of said
rail road company to pay said award, was admitted of
record, by the deposit of the money in court, and the affi-
davit filed ; that it was claimed by a person not a party to
the actlon. It did not and could not show the money be-
longed to said claimant, because that question was not an
issue. If the verdict on that trial had been in favor of
said plea, it would have been the duty of the court, not-
withstanding the verdict, to have rendered a judgment for
the plaintiff, *non obstante verdicto.*—2 Dunlap's Pr. 671, 690.

For these reasons, it is unnecessary to examine the errors
alleged to have been committed on said trial. If they ex-
ist, they do not injure the said claimant. The said issue
was an issue tendered by himself, and under it, there could
be no trial that would legally affect his interest, if any he
had, in or to the said money so deposited in court, as afore-
said, because he had not propounded his interest, and, con-
sequently, no issue was made, or tried, to determine

whether he had, or had not, a better claim to said money than the plaintiff.

By depositing the money in court, it was thereby admitted the same belonged to the plaintiff, unless the person named in the affidavit of the original defendant, as claiming the same, should show a better right.

This was not done by the trial under the said plea of the general issue; therefore, the judgment of the court, that it belonged to the plaintiff, is right.

This section 2540 of the Revised Code was, no doubt intended to enable parties, in the cases embraced in it, to have a cheap and summary remedy of interpleader, in a law court, without having to resort to the more tedious and expensive remedy, by bill of interpleader, in a court of chancery. There are acts of the legislature, both in New York and England, very analogous to this section 2540 of the Code, and it has been held by the courts in both countries, that to entitle parties to the remedy provided by said acts, the case must be of a character as to authorize the filing of a bill of interpleader in a court of equity.—*Sherman et al. v. Partridge,* 11 Howard's N. Y. Practice Reports, 154, 158. In that case, the court says: "The provisions of the Code, like those of the English statutes, were certainly not designed to introduce new cases of interpleader, but merely to enable defendants, in cases where an interpleader is proper, to relieve themselves, by a summary proceeding, from the delays and expense of a formal action."

We think this should be held to be the construction of said section 2540.

It is very clear, we think, the original defendant could not have filed his bill of interpleader, in this case, against the plaintiff, and said alleged claimant, Johnson, for two reasons—1st. Because the award is conclusive evidence that the money so awarded belonged to the plaintiff, even if it be admitted that the lots alleged to be injured, did not belong to said plaintiff, for, in such case, the defendant, the rail road company, should have set that up, as a defense, before the arbitrators.

2d. Because, if the lots really belonged to said claimant,

Johnson, his remedy for any injury to them by said rail road company, is against said company, and such remedy could not be affected or defeated by the recovery of plaintiff before the arbitrators, for the reason that he was not a party to said proceedings; and, therefore, his right could not be prejudiced by a proceeding to which he was not a party. Besides all this, the evidence on the said irregular trial, introduced by said claimant, did not, and does not, show that said claimant has any legal interest whatever to the money awarded to the plaintiff, &c., as aforesaid.

Upon the whole case, we can discover no errors that the appellant has any cause to complain of. The judgment of the court below is, therefore, affirmed, at the costs of the appellant.